UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY MUNFORD,

        Petitioner,

    v.                                                                            22-CV-441-LJV
                                                                                      ORDER

CHIEF DEPUTY AARON GALVIN,
*Superintendent Livingston County Jail*, et al.,

        Respondents.
_____

        The *pro se* petitioner, Anthony Munford, is currently incarcerated at the Mohawk Correctional Facility. Munford has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the "unauthorized execution of [his] sentence." Docket Item 1 at 4. Munford also has filed an application to proceed *in forma pauperis*, Docket Item 2, which is granted. *See* 28 U.S.C. § 1915(a)(1).

        For the reasons that follow, Munford's petition under 28 U.S.C. § 2241 will be dismissed without prejudice to his refiling a petition under 28 U.S.C. § 2254 unless, within 30 days of the date of this order, Munford shows cause why section 2241 is the correct vehicle for his petition or why the Court should not dismiss the petition for failure to exhaust.

## **FACTUAL BACKGROUND**

        On May 5, 2016, Munford "received a one[-]year definite sentence by Livingston County to run consecutive to" a sentence of "two concurrent terms of [twelve years] to life" that Munford had received in 2004. Docket Item 1 at 7. On December 28, 2021,

Munford "was released to parole supervision by the New York State Department of Corrections and Community Supervision." *Id.* But he then was "reincarcerated the same day" in the Livingston County Jail pursuant to a "warrant of commitment." *Id.* According to Munford, he "already completed service of the sentence at issue" but is "being made unlawfully to serve said sentence again." *Id.* at 4.

## DISCUSSION

Munford has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Docket Item 1. But "[t]he fact that [Munford] invoked section 2241 d[oes] not[] require" this Court to "treat [his petition] as a section 2241 petition." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003). "On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Id.* "It is the substance of the petition, rather than its form, that governs." *Id.* (alterations and internal quotation marks omitted).

"A habeas corpus petition brought under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court and challenges the constitutionality of his custody." *Wells v. Annucci*, 2019 WL 2209226, at *2 (S.D.N.Y. May 21, 2019). So "[a] state prisoner . . . not only may, but according to the terms of section 2254 *must*, bring a challenge to the execution of his or her sentence[] . . . under section 2254." *Cook*, 321 F.3d at 278; *see also James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under [s]ection 2254."). "A petition under section 2241," by contrast, is "unavailable" to a petitioner held in state custody pursuant to a state court

2

judgment.  *See Cook*, 321 F.3d at 278; *cf. Wells*, 2019 WL 2209226, at *2 ("[A] petition brought under 28 U.S.C. § 2241 is generally the proper vehicle for a [petitioner] who has not yet been convicted but argues that he is in custody in violation of the Constitution or laws or treaties of the United States." (alterations and internal quotation marks omitted)).

Munford explicitly challenges the "execution of the sentence" he received in state court "as violative of the [Fifth] Amendment Double Jeopardy Clause."  Docket Item 1 at 3.  More specifically, Munford says that his "2016 Livingston County sentence was required to be aggregated with [his] 2004 Kings County sentence by adding the sentences together."  *Id.* at 7.  But those two sentences apparently were combined incorrectly, Munford says, and he now is "being made to serve a sentence [that he] already completed and served."  *Id.*

In other words, by its own terms Munford's petition attacks the execution of his state sentence.  *See id.* at 4 ("challenging the unauthorized execution of [his] sentence").  And for the reasons just stated, the proper vehicle for Munford's claims is a petition under 28 U.S.C. § 2254 rather than one under 28 U.S.C. § 2241.

Because Munford's petition should have been brought under section 2254, this Court ordinarily would convert Munford's petition from one under section 2241 into one under section 2254 after providing Munford notice and an opportunity to withdraw it.[1]

---

[1] An opportunity to withdraw is required because the general bar on "second or successive" petitions brought under section 2254 can "preclude [a petitioner] from ever seeking federal review of claims, even meritorious ones, not raised in [the first] petition."  *See Cook*, 321 F.3d at 281.  In other words, if this Court converted Munford's petition brought under section 2241 into one brought under section 2254, that might foreclose Munford from challenging his sentence again in the future.

But as the petition itself makes clear, the claims raised in the petition have not been exhausted in state court.  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "Section 2254 contains a strict statutory exhaustion requirement barring relief unless the 'applicant has exhausted the remedies available in the courts of the State'" except when "'there is an absence of available State corrective process,' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'"  *Steward v. Wolcott*, 2020 WL 3574617, at *2 (W.D.N.Y. July 1, 2020) (quoting 28 U.S.C. § 2254(b)(1)).  "These exceptions are met 'where there is no further state proceeding for [the] petitioner to pursue,' or 'where further pursuit would be futile.'"  *Elleby v. Smith*, 2020 WL 2611921, at *4 (S.D.N.Y. May 22, 2020) (alterations omitted) (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000)).  "If a claim has not been exhausted and it does not fall within either exception, courts will generally dismiss the claim without prejudice, allowing [the] petitioner to assert his unexhausted claims in state court."  *Id.* (internal quotation marks omitted).

Munford says that two challenges to his incarceration currently are proceeding in state court.  First, Munford "filed a state writ of habeas corpus" under New York Civil Practice Law and Rules ("C.P.L.R.") Article 70, which was denied.  Docket Item 1 at 4.  Munford then appealed that denial to the Appellate Division; he "assume[s] [that the appeal] is still pending," but he apparently has not received a decision yet.  *Id.*  Munford also filed a petition under C.P.L.R. Article 78, which has "no results as of yet but [is] still pending."  *Id.*

Munford therefore has presented his claims to the New York State courts in two instances. But he has not exhausted his claims with respect to either. *See Phelps v. Superintendent, Gouverneur Corr. Facility*, 2021 WL 2316590, at *3 (S.D.N.Y. June 7, 2021) ("Adverse final decisions under Article 70 . . . and adverse final decisions under Article 78 . . . must first be appealed to an intermediate appellate court, which is usually the Appellate Division. If the Appellate Division's decision adversely affects the petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest New York State court."); *Grefer v. Frank*, 2021 WL 1199880, at *4 (N.D.N.Y. Mar. 3, 2021) ("Whichever state court vehicle the petitioner chooses[, Article 70 or Article 78], he must appeal a denial to the highest state court capable of reviewing it before he will be deemed to have exhausted his claims."). Munford concedes that state court decisions are "pending" in both of his cases; indeed, he apparently has not received even an initial decision in his Article 78 proceeding. So a section 2254 petition would be subject to dismissal unless it falls within one of the exceptions to the section 2254 exhaustion requirements.

And there does not appear to be good reason to excuse the failure to exhaust. Munford says that "if [he] would have to wait more than a few months for a decision [he] would be completely deprived of [his] constitutional rights." Docket Item 1 at 8. Failure to exhaust could be excused "[i]f there is undue delay between the prisoner's application to the state courts and final disposition of it there." *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013) (summary order) (quoting 17B Wright & Miller, Federal Practice & Procedure § 4264.2) (outlining considerations for when undue delay excuses exhaustion). But Munford has not offered anything to suggest that the New York State

5

courts are not expeditiously deciding his claims. In fact, the New York State court deciding Munford's Article 78 petition set an "order to show cause . . . with [a] return date" of June 3, or a little more than a month after the petition was filed.[2] Docket Item 1 at 4. And the New York State courts apparently are capable of providing Munford the relief he seeks.

"Courts may excuse petitioners from exhausting their claims when relief is truly unavailable, but excusing exhaustion here, where state courts are available," and where the petitioner's cases in those courts are proceeding on a parallel track, "would turn the habeas system upside down." *Williams v. Reiser*, 2020 WL 3097181, at *4 (W.D.N.Y. June 11, 2020) (internal quotation marks omitted). So if this Court were to construe Munford's petition as one under section 2254, it would be subject to dismissal for the reasons stated above. Because Munford's state proceedings apparently are ongoing and he therefore has not "fully exhausted his state court remedies, the Court declines to construe the petition" under section 2241 "as brought under [section] 2254." *Wells*, 2019 WL 2209226, at *3.

## **CONCLUSION**

For the reasons stated above, 28 U.S.C. § 2241 appears to be the incorrect vehicle to challenge Munford's detention. His application for a writ of habeas corpus under 28 U.S.C. § 2241, Docket Item 1, therefore will be dismissed without prejudice to his refiling a petition under 28 U.S.C. § 2254 unless, within 30 days of the date of this

---

[2] Munford signed the petition in this case on the same day as the return date on the order to show cause. *See* Docket Item 1.

order, Munford shows cause why section 2241 is the correct vehicle for his petition or why the Court should not dismiss the petition for failure to exhaust.  If Munford does not respond to this order within 30 days, then his petition will be dismissed, and the Clerk of the Court shall close the case without further order.

      If Munford's petition is dismissed, the Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

      SO ORDERED.

      Dated:  July 22, 2022
               Buffalo, New York

                                                  /s/ Lawrence J. Vilardo
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE